Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John F. Grady | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 7025 | **DATE** | October 23, 2002 |
| **CASE TITLE** | Denis Micnerski v. Michael F. Sheahan | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Plaintiff's motion for a preliminary injunction [4] is denied. ENTER MEMORANDUM OPINION.

(11) X [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| X | Notices MAILED by judge's staff. | | OCT 25 2002 | |
| | Notified counsel by telephone. | U.S. DISTRICT COURT | date docketed | 16 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | 02 OCT 24 PM 3:24 | docketing deputy initials | |
| | Copy to _____ | | date mailed notice | |
| KAM | courtroom deputy's initials | Date/time received in central Clerk's Office | KAM mailing deputy initials | |

02-7025.021-JCD                                              October 23, 2002

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

DENIS MICNERSKI, and other )
employees and contractors )
similarly situated, )
                         )
         Plaintiff, )
                         )
    v.                   )    No. 02 C 7025
                         )
MICHAEL F. SHEAHAN, individually )
and officially as Sheriff of Cook )
County, Illinois, et al., )
                         )
         Defendants. )

DOCKETED
OCT 25 2002

## MEMORANDUM OPINION

Plaintiff seeks a preliminary injunction pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure freezing $1,000,000 of the assets of defendant Citizens for Sheahan, a political campaign committee supporting defendant Michael F. Sheahan, the Sheriff of Cook County.

We believe that Grupo Mexicano de Desarrollo, S.A. v. Alliance Bond Fund, Inc., 527 U.S. 308 (1999), governs our decision. In Grupo, the Supreme Court held that, in an action for money damages, federal district courts do not have the power to grant preliminary injunctions to prevent a defendant from transferring assets in which no lien or equitable interest is claimed. Here, plaintiff does not claim a lien or an equitable interest in the assets of Citizens for Sheahan.

Plaintiff attempts to distinguish Grupo by pointing out that it was a different type of case, a debt collection action, and that the Grupo plaintiff sought to freeze all, not just a portion, of the defendant's assets. Plaintiff does not explain why these factual differences are meaningful, and we do not find them dispositive.

Plaintiff also argues that Grupo does not apply because that case involved a claim for only money damages, whereas plaintiff seeks both equitable and monetary relief. However, one of the cases cited by plaintiff himself, United States ex rel. Rahman v. Oncology Associates, P.C., 198 F.3d 489 (4th Cir. 1999), a post-Grupo decision, instructs that the relevant inquiry is not simply whether plaintiff seeks any equitable relief, but whether there is a nexus between the assets sought to be frozen through an interim order and the equitable relief requested in the lawsuit. See 198 F.3d at 496-97. The relief sought in the complaint consists of compensatory and punitive damages, treble damages, "injunctive relief to prevent further violations of law," restoration of job assignments, back pay and front pay, attorney's fees, costs, and all other proper and just relief. (Complaint, Introduction & ¶¶ 33, 40.) None of the specific equitable relief sought involves the assets of Citizens for Sheahan.

Accordingly, pursuant to Grupo, we hold that we do not have the power to grant a preliminary injunction preventing Citizens for

Sheahan from transferring its assets. Plaintiff's motion for a preliminary injunction is therefore denied.

DATE: October 23, 2002

ENTER: _____
John F. Grady, United States District Judge