# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John F. Grady | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 7025 | **DATE** | September 16, 2003 |
| **CASE TITLE** | Micnerski et al v. Citizens for Sheahan, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] The defendants' motions to dismiss the complaint [10-1, 15-1] are allowed. Count I is dismissed with prejudice. Count II is dismissed without prejudice, and plaintiff has leave to file an amended Count II by October 7, 2003. ENTER MEMORANDUM OPINION. The case is set for a status conference on October 22, 2003 at 11:00 a.m. to discuss the amended Count II, to set a date for defendants' response thereto and to set a motion schedule for class certification.

(11) x [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| x | Notices MAILED by judge's staff. | | SEP 1 8 2003 | |
| | Notified counsel by telephone. | | date docketed | 51 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to _____ | | | |
| | KAM | 03 SEP 17 PM 4:14 | date mailed notice | |
| | courtroom deputy's initials | Date/time received in central Clerk's Office | KAM mailing deputy initials | |

(Reserved for use by the Court)

02-7025.002                                                    September 16, 2003

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

DENIS MICNERSKI, and all other      )
employees and contractors           )
similarly situated,                 )
                                    )
              Plaintiffs,           )
                                    )
    v.                              )    No. 02 C 7025
                                    )
MICHAEL F. SHEAHAN, ET AL.          )
                                    )                DOCKETED
              Defendants.           )
                                                     SEP 1 8 2003

## MEMORANDUM OPINION

The court has under advisement the motions of the defendants to dismiss this two-count complaint. The plaintiff, Denis Micnerski, is an employee of the Cook County Sheriff's Department. He brings the action against Sheriff Michael F. Sheahan and various employees of the Sheriff's Department as well as Citizens for Michael F. Sheahan, a political organization formed to collect funds for Sheriff Sheahan's reelection campaigns.

The crux of the complaint is that Micnerski and other employees of the Sheriff's Department are routinely solicited by Citizens for Sheahan and various supervisors in the Sheriff's Department to make contributions to the campaign fund. Plaintiff alleges that such contributions are a requirement for retaining employment with the Sheriff's Department and that when he objected

to making a contribution, and made it under protest, he was demoted "shortly thereafter" to an entry-level position.

This requirement of campaign contributions in return for job security is the basis for both counts of the complaint. Count I is a RICO claim and Count II is a First Amendment claim pursuant to 42 U.S.C. § 1983. Plaintiff seeks to bring the action on behalf of himself and a class of Sheriff's Department employees.

## Count I - The RICO Count

Defendants move on a number of grounds to dismiss the RICO count for failure to state a claim. We agree with many of defendants' arguments and, in addition, have a few reasons of our own why this count cannot stand.

Like many litigants, plaintiff seeks to plead a case that will gain for him the numerous advantages of the RICO statute, 18 U.S.C. § 1962(c), such as treble damages and attorneys' fees, as well as compensatory damages and injunctive relief. In order to do that, plaintiff has to plead a "pattern of racketeering activity." This is criminal conduct, the actionable varieties of which under RICO are listed in 18 U.S.C. § 1961. It can include violations of the federal mail and wire fraud statutes, and this is what plaintiff Micnerski principally relies on. He alleges in Count I that the requirement of political contributions is a "scheme and artifice to defraud the employees of Cook County Sheriff's Department of money, property and their right to honest services of certain Sheriff's

Department employees, and to obtain money and property from the employees of the Cook County Sheriff's Department by materially false and fraudulent pretenses and representations ...." (Count I, ¶ 14.) In an order dated June 24, we asked the parties for further briefing and specifically asked plaintiff to explain how a representation that he would be disciplined if he did not make a campaign contribution could be regarded as false and "fraudulent" if in fact, as plaintiff alleges, it was true. Plaintiff has responded with the explanation that:

> This representation is false because the Defendants knew it was illegal to require such quid pro quo payments and it violated an express policy of the County of Cook. In this sense the representations of the Defendants were 'intentionally misleading' because they were legally untrue.

(Plaintiff's Supplemental Brief to Court at 3.) This makes no sense to us. The essence of fraud is falsity, and that means factually untrue. See United States v. Church, 888 F.2d 20, 23 (5th Cir. 1989). "Legally untrue," whatever that might mean, is not a basis for a mail fraud charge.

Plaintiff suggests that the defendants' conduct falls within the amendment to the mail fraud statute enacted in 1988, which provides that:

> For the purposes of this chapter, the term "scheme or artifice to defraud" includes a scheme or artifice to deprive another of the intangible right of honest services.

18 U.S.C. § 1346. Plaintiff argues that he had a right to "honest services" from the defendants and that this included a duty on their part not to retaliate against him for failing to make or objecting to making political contributions. But we think this interpretation of the statute would distort the meaning of both "honest" and "services." A straightforward demand for political contributions, however inappropriate, is not "dishonest" in the ordinary sense of that term, nor is the making of such a demand the performance of "services." To say that a defendant who made such a demand of the plaintiff would thereby fail to render honest service either to the public or to the plaintiff would be stretching language for the sole purpose of making it seem to fit within the statute.

We hold that Count I of the complaint does not allege a scheme to defraud within the meaning of 18 U.S.C. §§ 1341 & 1346.

A RICO claim must allege "a pattern" of racketeering acts, which means more than one criminal act of the kind listed in 18 U.S.C. § 1961. Count I of the complaint purports to allege four racketeering acts, set forth at paragraphs 30-33.

"Racketeering Act 1," set forth in paragraph 30 of Count I is that:

> [T]he Defendants embarked upon a scheme and agreement to extort and mandate political contributions from employees of the Sheriff's Department.

This wholly fails as an allegation of a racketeering act. There is no crime of "embarking" upon a scheme to extort, nor does paragraph 30 resemble anything listed in Section 1961.

"Racketeering Act 2," set forth in paragraph 31 of Count I, alleges that the defendants sent through the mail to plaintiff Micnerski a request for payment of political contributions, in violation of 18 U.S.C. § 1341 (the mail fraud statute). But because we hold the requests for political contributions were not part of a scheme to defraud, the mailing of a solicitation for contributions was not a mailing in violation of the mail fraud statute. Therefore, "Racketeering Act 2" also fails.

This leaves Racketeering Acts 3 and 4. "Racketeering Act 3" alleges that the defendants "committed extortion" in that they demanded political contributions in return for continued employment in the Sheriff's Department. Section 1961 does include as predicate racketeering activity "extortion ... chargeable under State law and punishable by imprisonment for more than one year." The question is whether demanding political contributions in return for patronage jobs can be regarded as criminal extortion under the law of Illinois. Plaintiff has offered no authority to support the view that it is, and we believe it would unreasonable to extend the reach of the RICO statute to allow the conduct complained of here to pass muster as a predicate act. The concurring opinion of Justice Ginsburg in the recent case of <u>Scheidler v. National</u>

Organization for Women, 537 U.S. 393, 123 S.Ct. 1057, 1069 (2003) is instructive:

> RICO, which empowers both prosecutors and private enforcers, imposes severe criminal penalties and hefty civil liability on those engaged in conduct within the Act's compass. See, e.g., § 1963(a) (up to 20 years' imprisonment and wide-ranging forfeiture for a single criminal violation); § 1964(a) (broad civil injunctive relief); § 1964(c) (treble damages and attorneys' fees for private plaintiffs). It has already "evolv[ed] into something quite different from the original conception of its enactors," Sedima, S. P. R. L. v. Imrex Co., 473 U.S. 479, 500, 105 S. Ct. 3275, 87 L.Ed.2d 346 (1985), warranting "concern[s] over the consequences of an unbridled reading of the statute," id. at 481, 105 S. Ct. 3275. The Court is rightly reluctant, as I see it, to extend RICO's domain further by endorsing the expansive definition of "extortion" adopted by the Seventh Circuit.

See also United States v. Genova, 333 F.3d 750, 756-58 (7th Cir. 2003).

"Racketeering Act 4" alleges that the defendants "committed official misconduct" in violation of 720 ILCS 5/33-3(c) by giving jobs and promotions based on political contributions. The problem with this is that official misconduct under state law is not a predicate act listed in 18 U.S.C. § 1961.

Therefore, plaintiff has failed to allege even one racketeering act, let alone the required pattern of racketeering acts.

Count I of the complaint will be dismissed. Because there is no way plaintiff could remedy the defects through amendment, the dismissal will be with prejudice.

**Count II - Section 1983 First Amendment Claim**

Count II realleges all 33 paragraphs of Count I and claims that the conduct of "the Defendants" violates the plaintiff's right to political speech and freedom of association as guaranteed by the First Amendment. The count also alleges that "[t]he conduct of the Defendants" has become the custom and practice of the Cook County Sheriff's Department.

It is not clear whether plaintiff seeks relief against Citizens for Sheahan under Count II. Also unclear is the basis for the liability of each of the other defendants.

There are nine individual defendants named in the complaint, along with the defendant Citizens for Sheahan. Each of the defendants is charged in a separate paragraph with having been "responsible" for collecting mandatory political contributions from employees in some branch of the Sheriff's Department. It is not clear what "responsible" means. What should be alleged is that a defendant in fact collected such contributions. Other allegations are similar: certain defendants are alleged to have been "responsible" for "meting out all discipline" to employees who failed to contribute or for "effecting punishment" upon employees who failed to contribute. There is no allegation that any of these defendants actually disciplined or punished anyone.

The one allegation that a defendant actually did something is contained in paragraph 18 of Count I:

>On or about June 20, 2002 the Plaintiff, DENIS MICNERSKI, met with Defendant LANNIGAN [sic] to discuss the payment of the mandatory contribution. MICNERSKI was advised that the payment should be made by MICNERSKI. When MICNERSKI objected to giving the payment, LANNIGAN [sic] responded that "you should really give something."

The next paragraph alleges that:

>As a result of that meeting, MICNERSKI gave LANNIGAN [sic] $500.00 under protest. Shortly thereafter MICNERSKI was demoted and transferred from a Chief assigned to Electronic Monitoring Unit of DCSI to an entry level correctional officer in the DOC.

There is no allegation that anyone other than Micnerski was disciplined, and the above-quoted paragraphs concerning Micnerski are insufficient to allege a causal relationship between the conversation with Lanigan and the demotion that occurred "shortly thereafter." There is no allegation that Lanigan had anything to do with the demotion, or that the person who did order the demotion knew anything about Micnerski's objection to making the contribution or demoted him because of it.

We realize that it is not necessary to plead evidence, but in a First Amendment retaliation case it is necessary to allege that there was in fact a causal relationship between the protected speech and the disciplinary action. This case is like Caldwell v. City of Elwood, 959 F.2d 670, 672 (7th Cir. 1992), where the Court observed that "[a] civil rights complaint must outline a violation of the constitution or a federal statute 'and connect the violation to the named defendants,'" quoting Brownlee v. Conine, 957 F.2d 353, 354 (7th Cir. 1992). Caldwell alleged that he had been

suspended after commenting on matters of public concern to the mayor. The Court noted, however, that:

> Caldwell has not pled that any of the defendants actually knew of the conversation with the mayor or of the matters that were allegedly discussed. Instead, he argues that at the pleading stage he is entitled to a reasonable inference that it was this conversation that led to the disciplinary measures. Caldwell mistakenly interprets "reasonable inferences" to include bridging the gap between his speech and the disciplinary measure taken against him.

Id. at 672. Similarly, Micnerski merely alleges that he voiced an objection to Lanigan and that he was demoted shortly thereafter. In the words of Caldwell, he needs to "bridg[e] the gap between his speech and the disciplinary measure taken against him." He needs to allege that a particular named defendant demoted him and that the demotion was in retaliation for what he had said to Lanigan. Short of that, he has not alleged a First Amendment violation. See also Gustafson v. Jones, 117 F.3d 1015, 1017 (7th Cir. 1997); Shanahan v. City of Chicago, 82 F.3d 776, 781 (7th Cir. 1996). In Gustafson, the Court found the complaint sufficient because:

> [T]he plaintiffs adequately alleged both the content of their speech and the defendants' awareness of it. The complaint specifically claimed that the plaintiffs were transferred because of the speech .... The allegations about the retaliatory transfer distinguish this case from Caldwell, supra, where the plaintiffs alleged nothing other than the timing of the disciplinary action to link the speech to it.

Id. at 1018.

Count II will be dismissed for this failure to adequately plead retaliation, but plaintiff will be given leave to amend. The

amended pleading should state what each defendant actually did (not simply what he or she was "responsible" for, because we do not know what that means), both in terms of requiring political contributions from Sheriff's Department employees and imposing discipline upon those who did not comply. As far as Micnerski's own situation is concerned, the amended pleading should state who demoted him and allege that the person who ordered the demotion knew about Micnerski's objection to the contribution and demoted him in retaliation for the objection, if that is in fact plaintiff's theory.

Plaintiff may file an amended Count II by October 7, 2003. A status conference will be held on October 22, 2003 to discuss the amended pleading and the question of class certification.

Date:    September 16, 2003

ENTER:   _____
         John F. Grady, United States District Judge