# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John F. Grady | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 7025 | **DATE** | September 22, 2004 |
| **CASE TITLE** | | Micnerski et al v. Citizens for Sheahan, et al. | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]
   The motion to dismiss the First Amended Complaint [62-1] is granted in part and denied in part. The motion is granted as to defendant Lanigan. The motion is denied as to defendants Michael F. Sheahan, the Sheriff of Cook County, in his official capacity as well as his individual capacity; and the defendants Devane, Wallace, Ryan and Logue in their official and individual capacities.
   Defendants who remain in the case shall file their answer to the complaint by October 14, 2004. Discovery shall begin no later than October 14, 2004, and the parties should point toward the completion of discovery by March or April of 2005. A status conference is set for February 2, 2005 at 11:00 a.m. ENTER ORDER.

(11) x [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | Casson, Luke@9352001; Odelson, Burton@17084251898; | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices MAILED by judge's staff. | | SEP 2 3 2004 | |
| | Notified counsel by telephone. | | date docketed | 69 |
| X | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | | |
| | Copy to _____ | | SEP 2 3 2004 date mailed notice | |
| KAM | courtroom deputy's initials | Date/time received in central Clerk's Office | KAM mailing deputy initials | |

(Reserved for use by the Court)

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION



DENIS MICNERSKI, and all other )
employees and contractors )
similarly situated, )
)
                  Plaintiffs, )
)
v. ) No. 02 C 7025
)
MICHAEL F. SHEAHAN, ET AL. )
)
                  Defendants. )

## MEMORANDUM OPINION

The original complaint in this case was in two counts. In our order of September 16, 2003, we dismissed Count I, a RICO claim, with prejudice and dismissed Count II, a First Amendment claim, with leave to amend. The basic problem with Count II was that the allegations were too general, failing to state what each of the defendants actually did that violated plaintiff's First Amendment rights.

Plaintiff has filed a First Amended Complaint and defendants have again moved to dismiss, primarily on the ground that plaintiff fails to allege with specificity what each of the defendants actually did. They believe the Amended Complaint still fails to "bridge the gap" between plaintiff's expressed objection to making political contributions and his subsequent demotion. They further

argue that his objection to the contributions was not a matter of public concern, so that there is no First Amendment issue in any event. They also contend that a <u>Monell</u> policy is not sufficiently pleaded.

We think the Amended Complaint, for the most part, is sufficient to withstand the motion. Although the allegations as to what each defendant did are largely conclusory, plaintiff correctly argues that he is not required to plead evidence.

The complaint alleges that there was a long-standing policy and practice in the Sheriff's office to require employees to make financial contributions to CITIZENS FOR SHEAHAN in order to keep their jobs, win promotions and avoid demotions. Plaintiff alleges that the defendant Sheahan personally solicited him for such contributions on several occasions. He claims that he complained to the defendant Lanigan about having to make these payments. We view this complaint to Lanigan as a statement about a matter of public concern. About a month later, the defendants Wallace and Logue are alleged to have told plaintiff that he "could either resign from the Sheriff's Department ... or accept a demotion to the Department of Corrections as a jail guard." (First Amended Complaint, ¶ 34.) Neither Wallace nor Logue gave a reason for the demotion when plaintiff requested one. <u>(Id.</u>, ¶ 35.) A key aspect of the amended pleading, insofar as curing the defects of the original complaint is concerned, is the allegation that defendants

Sheahan, Devane, and Wallace "were all advised of the ongoing retaliation suffered by Micnerski on August 9, 2002 and ordered, approved and condoned the actions taken by Devane, Wallace and Logue." (Id., ¶ 37.)

Plaintiff alleges that on August 11, 2002, he was "demoted from a pay grade 20 Chief in EMU to a pay grade 14 Correctional Officer in the Department of Corrections. A grade 14 position is an entry level title reserved for those who are newly employed with the Sheriff's Department." (Id., ¶ 38.) Plaintiff states that his demotion "was in retaliation for his prior complaints about the mandatory payments made to Lanigan and Devane." (Id., ¶ 46.)

Plaintiff claims that once he had been transferred to the Department of Corrections, the defendant Ryan refused to approve an administrative assignment for him and instead ordered the Director of the Department to put plaintiff in the tiers with the prisoners. (Id., ¶ 40.)

We believe these allegations are sufficient to state a First Amendment retaliation claim against the following defendants: Michael F. Sheahan, the Sheriff of Cook County, in his official capacity as well as his individual capacity; and the defendants Devane, Wallace, Ryan and Logue in their official and individual capacities. The motion to dismiss will be denied as to these defendants.

On the other hand, we find nothing in the Amended Complaint that alleges participation by the defendant Lanigan in any retaliation against the plaintiff. Lanigan is the person to whom plaintiff allegedly complained, and it may be that Lanigan passed that information on to the defendants who caused the demotion. But that is not alleged, and, even if it were, there is no allegation that Lanigan had anything to do with plaintiff's demotion.

The motion to dismiss will be granted as to the defendant Lanigan.

The caption of the First Amended Complaint includes as defendants "other unidentified agents of the Cook County Sheriff's Department, individually and in their respective official capacities." We have no idea what the role of these unidentified agents might have been, and no claim is stated against them. They will be dismissed, and further papers in this case shall be captioned accordingly, omitting reference to unidentified agents.

One more point regarding the caption should be addressed. The caption of the Amended Complaint designates the plaintiff as "Denis Micnerski, et al." which seems to indicate that plaintiff purports to sue on behalf of himself and other employees of the Sheriff's Office as well. But the body of the First Amended Complaint does not indicate that plaintiff seeks to represent a class. As far as the court is concerned, then, the only plaintiff in the case is Denis Micnerski, suing individually.

In his memorandum in opposition to the motion to dismiss, plaintiff suggests that he be given leave to file another amendment to the complaint in the event the court dismisses some part of the First Amended Complaint. Leave is denied. Plaintiff has had two opportunities to file an adequate complaint, and it is time to get on with the case. The defendants who remain in the case shall answer the complaint by October 14, 2004. Discovery shall commence no later than that, and the parties should point toward completion of discovery by March of 2005.

A status conference is set for February 2, 2005 at 11:00 a.m.

Date:     September 22, 2004

ENTER:    _____
          John F. Grady, United States District Judge